IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE GOMEZ CACERES and OSCAR ANINO, on behalf of themselves and other persons similarly situated, | ) ) ) ) CIVIL ACTION NO. |
| *Plaintiffs*, | ) ) JUDGE |
| v. | ) ) MAG. JUDGE |
| CUSTOM DRYWALL & PAINTING LLC, and ANTHONY MARTINEZ, | ) ) ) |
| *Defendants*. | ) |

**COLLECTIVE ACTION COMPLAINT
JURY TRIAL DEMANDED**

Plaintiffs Jorge Gomez Caceres and Oscar Anino, through their attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, file this Collective Action Complaint against Defendants Custom Drywall & Painting, LLC and Anthony Martinez.

**NATURE OF THE ACTION**

1. This is an action by Jorge Gomez Caceres and Oscar Anino ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiffs were employed as manual laborers by Defendants Custom Drywall & Painting LLC and Anthony Martinez ("Defendants"). While working for the Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated

employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief. *Id.*

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Jorge Gomez Caceres

5. Plaintiff Jorge Gomez Caceres ("Plaintiff Caceres") is a resident of Louisiana.

6. From approximately January 2015 to October 2016, Plaintiff Caceres was employed by Defendants at various jobsites in and around the Greater New Orleans Area.

7. Plaintiff Caceres was hired to work as a painter. In connection therewith, Plaintiff Caceres performed manual labor and other duties related to painting.

8. Plaintiff Caceres was paid $13.00 per hour. For every hour that he worked in excess of forty in a work week, he was still only paid $13.00 per hour.

9. At all relevant times, Plaintiff Caceres and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff Oscar Anino

10. Plaintiff Oscar Anino ("Plaintiff Anino") is a resident of Louisiana.

11. From approximately January 2015 to October 2016, Plaintiff Anino was employed by Defendants at various jobsites in and around the Greater New Orleans Area.

12. Plaintiff Anino was hired to work as a painter. In connection therewith, Plaintiff Anino performed manual labor and other duties related to painting.

13. Plaintiff Anino was paid $13.00 per hour. For every hour that he worked in excess of forty in a work week, he was still only paid $13.00 per hour.

14. At all relevant times, Plaintiff Anino and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Custom Drywall & Painting LLC

15. Defendant Custom Drywall & Painting LLC ("Custom Drywall") is a limited liability company organized under the laws of Louisiana with its principal place of business in Harahan, Louisiana. Custom Drywall is a full-service contractor that specializes in the drywall and painting of custom homes and commercial buildings.

16. Custom Drywall hired Plaintiffs in approximately January 2015 to work as painters at the rate of $13.00 per hour.

17. Custom Drywall maintains employment files for the Plaintiffs.

18. Custom Drywall paid Plaintiffs by check. The paychecks that the Plaintiffs received for the employment at issue herein bore the name "Custom Drywall & Painting LLC."

19. Custom Drywall determined Plaintiffs' work schedule for the employment at issue herein.

20. Custom Drywall is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. Custom Drywall is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### **Defendant Anthony Martinez**

22. Defendant Anthony Martinez is the owner of Defendant Custom Drywall.

23. At all pertinent times herein Defendant Anthony Martinez had the authority to hire and fire Custom Drywall employees, including the Plaintiffs herein.

24. At all pertinent times herein Defendant Anthony Martinez maintained executive authority over the jobs Custom Drywall employees were provided, including the location, duration, and rate-of-pay for those jobs.

### **FACTUAL ALLEGATIONS**

25. Defendants employ manual laborers to paint, frame, sheetrock, and perform other related duties at their residential and commercial jobsites. Defendants employ crews of at least fifteen laborers at various jobsites simultaneously.

26. Defendants paid Plaintiffs by check. The checks that Plaintiffs received bore the name "Custom Drywall & Painting LLC."

27. Plaintiffs normally worked more than forty hours a week for the Defendants. On average, Plaintiffs worked at least sixty hours per week. Defendants often required Plaintiffs to work six days per week.

28. Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

29. Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the

FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

30. Defendants paid the named Plaintiffs and other similarly-situated employees at an hourly rate for work performed.

31. Defendants treated the named Plaintiffs and other similarly-situated employees as exempt from the FLSA's overtime requirements.

32. When the named Plaintiffs and other similarly-situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

33. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

34. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive overtime pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

35. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least July 2014 and continuing until the present.

36. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

July 20, 2017

*Respectfully submitted,*

*/s/ Roberto Luis Costales*  */s/ William H. Beaumont*

_____  _____

Roberto Luis Costales  William H. Beaumont
3801 Canal Street, Suite 207  3801 Canal Street, Suite 207
New Orleans, LA 70119  New Orleans, LA 70119
Louisiana Bar #33696  Louisiana Bar #33005
Telephone: (504) 534-5005  Telephone: (504) 534-5005
Facsimile:  (504) 272-2956  *whb@beaumontcostales.com*
*rlc@beaumontcostales.com*

*/s/ Emily A. Westermeier*

_____

Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*eaw@beaumontcostales.com*

*Attorneys for Plaintiff*