UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JORGE GOMEZ CACERES ET AL** | * | **CIVIL ACTION NO. 17-6949** |
| | * | |
| **VERSUS** | * | **SECTION "J" (1)** |
| | * | |
| | * | |
| **CUSTOM DRYWALL & PAINTING** | * | |
| **LLC ET AL.** | * | |
| | | **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED AS COLLECTIVE ACTION AND FOR JUDICIAL NOTICE AND FOR DISCLOSURE OF THE NAMES AND ADDRESSES OF THE POTENTIAL OPT-IN PLAINTIFFS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Custom Drywall & Painting LLC ("Custom Drywall") and Anthony Martinez who oppose Plaintiffs' motion to conditionally proceed as a collective action (Rec. Doc. 12) for the reasons set forth below.

### I. FACTUAL BACKGROUND

Defendant, Custom Drywall, is a construction contractor that operates in Louisiana, Texas and elsewhere. Custom Drywall at times hires various independent contractors, such as Plaintiffs herein, to perform certain tasks in the New Orleans area as needed. Plaintiffs have filed a putative collective action against Defendants alleging that they are actually employees of Defendants, are paid an hourly wage, and have not been paid overtime wages for hours worked in excess of forty in a given week. However, Defendants are not an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. 201 et seq. and none of the plaintiffs are

"employees" as defined by the Fair Labor Standards Act, 29 U.S.C. 201 et seq., but are, in fact, independent contractors. Irrespective of their status as independent contractors, none of the plaintiffs are "individually" covered employees since none are engaged in interstate commerce or in the production of goods for interstate commerce as defined by the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

In their proposed class notice, Plaintiffs merely define the putative class as:

"(1) you worked or are working performing manual labor for Custom Drywall & Painting, LLC during the last three years; and

(2) you were not paid overtime for any hours worked in excess of 40 hours any particular week." Rec. Doc. 12-4.

Plaintiffs have now moved for an order conditionally certifying this lawsuit as a collective action under 29 U.S.C. 219(b), approving their proposed notice to such putative collective action members and ordering Defendants to provide Plaintiffs with the names and addresses of the yet-to-be-identified putative members. However, in order to properly oppose Plaintiffs' motion, Defendants need specific, limited discovery on pertinent pre-certification issues. Alternatively, Defendants respectfully aver that the Court should deny Plaintiffs' motion for conditional certification. While the standard for conditional certification under § 216(b) is lenient, it is neither automatic nor appropriate in every case. Plaintiffs have not met their burden that they and the purported collective-action members are similarly situated, but instead have submitted only conclusory allegations from the plaintiffs themselves that there are other unidentified "coworkers" who are similarly situated. Plaintiffs have not identified or otherwise provided any evidence that any putative collective-action member actually exists, or if so, that

they are similarly situated. Therefore, the plaintiffs are not entitled to proceed as a collective action and Plaintiffs motion should be denied.

## II. LAW AND ARGUMENT

**A. Defendants Are Entitled to Conduct Limited Pre-Certification Discovery**

Defendants hereby request an opportunity to conduct limited pre-certification discovery before the Court rules on Plaintiffs' motion for conditional certification. Defendants respectfully assert that they should at least be allowed to take the depositions of the named Plaintiffs to test the hearsay and self-serving evidence Plaintiffs have proffered in support of their assertion that the proposed collective action members are "similarly situated." *Clay v. Huntington Ingalls Incorporated*, 2011 WL 13205917 (E.D. La. 2011). An FLSA defendant should be allowed to conduct some discovery "so that it may at least test the veracity of plaintiffs' mere allegation that they are similarly situated victims of a common decision, policy, or plan." *Green v. Harbor Freight Tools USA, Inc.*, 2010 WL 686263 (D. Kan. 2010). See also *Sandberg v. Perry Homes*, 2010 WL 918329 (W.D. Tex 2010) wherein the court allowed limited discovery before the defendants responded to a conditional motion to certify a collective action under the FLSA.

In support of their motion, Plaintiffs submitted only two declarations, one from each of the two named plaintiffs, that contain conclusory allegations that other putative members exist and are similarly situated. Plaintiffs have not remotely identified any putative members and present no evidence from such putative members that they are similarly situated. In fact, Plaintiffs admit that they are unaware of any such putative members by asking the Court to order the Defendants to provide both the names and last known addresses of potential plaintiffs. Rec. Doc. 12-1, p. 20, §2. Since Plaintiffs cannot identify the alleged, putative members, Defendants should be allowed to discover their basis for asserting that such other members exist.

**B. Plaintiffs Bear the Burden to Establish That They and Proposed Opt-in Members Are Similarly Situated under the FLSA**

The FLSA permits a collective action only if Plaintiffs can show that they and the members of the proposed collective-action group are "similarly situated." 29 U.S.C. §216(b). At all times, Plaintiffs bear the burden of establishing that the respective parties are similarly situated. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 217 (11th Cir. 2001), rehearing denied, 273 F.3d 1118 (11th Cir. Fla. 2001), cert. denied, 534 U.S. 1127, 122 S. Ct. 1064, 151 L. Ed. 2d 968, (2002); *Camp v. The Progressive Corp.*, 2002 WL 31496661(E.D. La. Nov. 8, 2002); *Basco v. Wal-Mart Stores Inc.*, 2004 WL 1497709, *5 (E.D. La. 2004)

"Similarly situated" is not defined in the FLSA, and the U.S. Department of Labor, which enforces the FLSA, has yet to issue any regulatory or interpretive guidance on the meaning of "similarly situated." The Fifth Circuit has not yet definitively ruled on how district courts should determine whether plaintiffs are "similarly situated" according to 29 U.S.C. §216(b). *Acevedo v. Allsup's Convenience Stores, Inc.* 600 F. 3d 516, 518-519 (5th Cir. 2010). Instead, the Fifth Circuit has recognized two different approaches when determining whether plaintiffs are similarly situated without specifically adopting either. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995).

**1. The *Lusardi* Standard**

The first, more lenient approach was originally set forth in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). Under this approach, the court first determines at the "notice stage" whether notice should be given to potential members of the class action, and this determination is usually made on the basis of "only ... the pleadings and any affidavits." *Id.* at 1213-1214. The parties must be similarly situated as determined on an ad hoc, case-by-case

4

basis. *Id.* at 1213. Though the standard is lenient, "it is by no means automatic." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E. D. La. 2007). The burden to show that plaintiffs are similarly situated rests on the plaintiff. *England v. New Century Fin. Corp*, 370 F. Supp. 504, 507 (M.D. La. 2005). However, "[a] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F.Supp.2d 642, 647 (S.D. Tex.2010) (citing *Ali v. Sugarland Petroleum*, 2009 WL 5173508, at *2 (S.D.Tex. 2009). See also, *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("[A]lthough the standard for satisfying the first step is lenient, ... the court still requires at least substantial allegations that the putative class members were together victims of a single decision, policy or plan....").

Generally, a plaintiff must demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung Corp.,* 2009 WL 2524601, at *2 (S.D. Tex. 2009). *See also, Hickson v. U.S. Postal Service,* 2010 WL 3835885, at *2 (E.D. Tex. 2010). Only those employees who affirmatively "opt-in" to the suit are bound by a collective action under the FLSA. 29 U.S.C. 216(b). Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," and only a modest factual basis is required. *Mooney* at 1214. In determining whether plaintiffs have made "substantial allegations" of a single plan, courts often look to "whether potential plaintiffs were identified ... whether affidavits of potential plaintiffs were submitted ... and whether evidence of a widespread discriminatory plan was submitted."

*H & R Block*, 186 F.R.D. at 400.

Because conditional certification under the somewhat lenient *Lusardi* standard is hardly automatic, affidavits containing only conclusory allegations, as plaintiffs herein have submitted, are not sufficient to meet this initial burden. *H&R Block*, 186 F.R.D. at 400.  Likewise, "unsupported assertions of wide-spread FLSA violations ...[do] not satisfy the movant's 216(b) burden." Id. (citing *Haynes v. Singer Co.*, 696 F.2d 884 (11th Cir. 1983)).  Instead, courts require collective-action plaintiffs to identify specific, as opposed to general, characteristics that unify potential members; in determining whether there are "substantial allegations" that the putative members are similarly situated, courts consider whether plaintiffs have obtained and submitted affidavits of potential class members; whether plaintiffs have obtained and submitted consent forms of potential class members; and whether plaintiffs have submitted specific evidence of a widespread, unlawful plan on the part of the employer.  *England v. New Century Financial Corp.*, 370 F. Supp. 2d 504, 508 (M.D. La. 2005) (noting "that 485 plaintiffs have filed consent forms to join in this action seeking overtime compensation"); *See also H&R Block*, 186 F.R.D. at 400 ("[E]ven where potential plaintiffs were listed, a factual showing suggesting that they were similarly situated was required.").

### 2. The *Shushan* Standard

The second, more stringent approach sometimes recognized by the Fifth Circuit is the "spurious class action" analysis set forth in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990); *Mooney* at 1216 . Under the *Shushan* analysis, the "similarly situated" inquiry is "coextensive" with Rule 23 class certification, and plaintiffs must prove the existence of a definable, manageable class, as well as that plaintiffs are proper representatives of the class. *Mooney* at 1214; *Shushan* at 268.  This requires plaintiffs to provide individualized proof that the

claims of every single opt-in plaintiff can be presented to a jury with some measure of efficiency, and the analysis is more akin to that for class certification under Rule 23 of the Federal Rules of Civil Procedure. *Shushan* at 1214.

**C. Plaintiffs Cannot Establish the Existence of Similarly Situated, Opt-In Members**

Here, Plaintiffs cannot establish that any putative plaintiffs are similarly situated under either approach, even the more lenient *Lusardi* standard. In support of their motion to conditionally certify, Plaintiffs have failed to remotely identify a single putative opt-in member or submit a single affidavit or declaration from such putative member, as required by the jurisprudence cited above. Instead, Plaintiffs only submit their own self-serving declarations that they worked "alongside other painters, sheetrockers, framers, and finishers" who "all performed the same basic tasks, worked the same hours, took breaks at the same time, and had the same supervisors." The self-serving declarations also claim that these other unnamed, unidentified individuals worked an average of "10 hours a day, at least six days per week." Rec. Doc. 12-2, §4. Such declarations do not remotely satisfy the plaintiffs' burden to identify potential plaintiffs and to submit affidavits from such plaintiffs establishing that they and the named plaintiffs are similarly situated and were subjected to a widespread, unlawful plan. In fact, Plaintiffs admit that they are currently unaware of any putative plaintiffs and instead ask the Court to order the Defendants to identify such individuals. Rec. Doc. 12-1, p. 20, §2.

Courts in the Eastern District have routinely rejected such ploys in the absence of any evidence of other similarly situated plaintiffs. "In deciding whether the Plaintiffs have met the requirements of the two-step *Lusardi* approach, the Court is mindful that 'it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation.' Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the

7

plaintiffs at the defendant's expense." *Xavier v. Belfor USA Group, Inc.*, 585 F. Supp.2d 873, 878 (E.D. La. 2008), citing *Lentz v. Spanky's Restaurant II, Inc.*, 569 F. Supp.2d 663, 668-669 (N.D. Tex. 2007); *Valcho v. Dallas County Hospital District*, 574 F. Supp.2d 618, 622 (N.D. Tex. 2008).

Here, Plaintiffs have not identified a single, putative opt-in plaintiff or otherwise presented any evidence whatsoever from any putative member that he or she is similarly situated. Instead, Plaintiffs simply ask this Court to authorize an endless fishing expedition by requiring Defendants to provide the names of such members when Plaintiffs have produced no evidence that such members actually exist or are similarly situated.

In *H&R Block, supra*, the court dealt with the identical situation presented here, i.e., the plaintiffs produced no evidence whatsoever that similarly situated plaintiffs existed. In denying a motion to conditionally certify, the court noted:

> "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified (Garner v. G.D. Searle Pharmaceuticals, 802 F.Supp. 418 (M. D. Ala.1991)); whether affidavits of potential plaintiffs were submitted (Belcher v. Shoney's, Inc., 927 F.Supp. 249, 252 (M.D.Tenn.1996)); and whether evidence of a widespread discriminatory plan was submitted (Klegerman v. F.G. Apparel Inc., 1986 WL 2531, *5 (N.D.Ill. Feb. 11, 1986)). In this case, movants have failed to do all of the above. They have failed to identify potential plaintiffs, submit affidavits of potential plaintiffs or submit any other evidence that might show a widespread plan of discrimination existed. All movants have done is submit affidavits making conclusory allegations. They present, for example, affidavits of the two counter-plaintiffs which simply state that they believe other workers were discriminated against in similar ways (see Affidavit of Karen Beard, p. 2 and Affidavit of Brenda Housden, p. 2)." Id. at 400.

As in *H&R Block*, Plaintiffs have not established "substantial allegations" by failing to identify *any* potential opt-in plaintiffs, failing to submit affidavits from *any* potential opt-in plaintiffs and failing to submit a scintilla of evidence showing a widespread, unlawful plan. Instead, the plaintiffs simply wish to conduct a fishing expedition at defendants' expense in a

desperate effort to uncover the evidence that they are required to produce in order to obtain conditional certification.

### III. CONCLUSION

Plaintiffs have not satisfied their burden that a collective action should be conditionally certified under any standard that could be applied in this case. Certification is by no means automatic and Plaintiffs have failed to submit even the slightest bit of evidence that establishes the existence of similarly situated, putative plaintiffs. Instead, Plaintiffs only produce their own self-serving declarations stating their belief that other putative class members exist and no more. Accordingly, Defendants respectfully aver that the plaintiffs' motion for conditional certification be denied; in the alternative, Defendants respectfully request that the Court allow limited discovery as to the issue of conditional certification before ruling on Plaintiffs' motion.

Respectfully Submitted:

/kenneth l tolar/
**Kenneth L. Tolar (La. Bar #22641)**
**Jack E. Morris (La. Bar # 22539**)
Tolar Harrigan & Morris LLC
1055 St. Charles Avenue
Suite 208
New Orleans, LA 70130
Phone: (504) 571-5317
Fax: (504) 571-5437
Email: tolar@tolarlawoffice.com
        jem@jemorrislaw.com

***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been electronically filed with the Clerk of Court and served on opposing counsel via the CM/ECF system in accordance with LR 5.4 and Fed. R. Civ. P. 5(b)(3) on this 23rd day of January, 2018.

                                                    /s/ Kenneth L Tolar
                                                    Kenneth L Tolar