```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


JORGE CACERES                              CIVIL ACTION

VERSUS                                     No.: 17-6949

CUSTOM DRYWALL &                           SECTION: "J"(1)
PAINTING LLC, ET AL.
```

## ORDER & REASONS

Before the Court is a *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 12)** filed by Plaintiffs, Jorge Gomez Caceres and Oscar Anino. Defendants, Custom Drywall & Painting LLC and Anthony Martinez, filed an opposition to the motion (Rec. Doc. 14) and Plaintiffs filed a reply (Rec. Doc. 17). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a collective action filed by Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA").[1] On July 20, 2017, Plaintiffs brought this suit on behalf of themselves and all others similarly situated to recover allegedly unpaid overtime wages for manual labor they performed for Custom Drywall & Painting, LLC ("Custom Drywall") and Anthony Martinez (collectively,

---
[1] 29 U.S.C. § 201 *et seq.*

Defendants).  (Rec. Doc. 1.)  Custom Drywall is a commercial contractor based out of Harahan, Louisiana that specializes in the installation of drywall and painting of homes and commercial buildings.  (Rec. Doc. 12 at 6.)  Anthony Martinez is the owner of Custom Drywall.  *Id.*  Plaintiffs allege that they were hired by Defendants as painters in January 2015 to perform manual labor related to painting.  (Rec. Doc. 1 at 3.)  Defendants allegedly paid Plaintiffs by check at an hourly rate of $13.00 per hour.  *Id.* According to Plaintiffs, they and their coworkers often worked more than forty hours each week.  (Rec. Doc. 12 at 7-8.)

Plaintiffs claim that Defendants willfully failed to pay them and other similarly situated employees overtime wages for hours worked in excess of forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  *Id.* at 8. Consequently, Plaintiffs seek to recover unpaid wages, interest, liquidated damages, and reasonable attorney's fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years.  (Rec. Doc. 1 at 1-2.)  Plaintiffs also bring this action to obtain declaratory and injunctive relief.  *Id.* at 2.

Plaintiff filed the instant *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 12)** on January 9, 2018.  Defendants filed an opposition to the motion

2

(Rec. Doc. 14), and Plaintiffs filed a reply. (Rec. Doc. 17.) The motion is now before the Court on the briefs and without oral argument.

## **PARTIES' ARGUMENTS**

Plaintiffs seek to maintain their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and move the Court to conditionally certify a collective class of Defendants' employees limited to the following:

> All individuals who worked or are working performing manual labor for Custom Drywall & Painting, LLC during the previous three years who worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

(Rec. Doc. 12 at 5.) In conjunction with allowing the FLSA action to proceed collectively, Plaintiffs ask the Court to direct Defendants to provide the names, phone numbers, and last known addresses of potential opt-in members. *Id.* at 6. Plaintiffs also ask the Court to approve a proposed notice to send to the potential opt-in plaintiffs and request an opt-in period of 90 days to allow sufficient time for Defendants' past and present employees, many of whom are non-English speaking, to opt-in to the suit. *Id.*

Plaintiffs argue that the allegations in their complaint as well as their attached sworn declarations demonstrate clear violations of the FLSA that are not personal to Plaintiffs, but rather are part of Defendants' general policy to not pay their

3

employees overtime. (Rec. Doc. 12 at 8.) Plaintiffs argue that this information establishes that there is likely a group of similarly situated individuals entitled to receive notice of this lawsuit. *Id.* at 12-15.

Defendants oppose conditional certification, arguing that Plaintiffs cannot demonstrate the existence of a class of similarly situated individuals. (Rec. Doc. 14.) Defendants first argue that the parties do not qualify as "employers" or "employees" under the FLSA because Plaintiffs were merely independent contractors and were not "engaged in interstate commerce." *Id*. at 1, 2. Second, Defendants argue that Plaintiffs have failed to identify or present evidence of other similarly situated employees who would opt-in to this litigation. *Id.* at 3. Defendants also contend that Plaintiffs' complaint and declarations are insufficient to satisfy their burden for conditional certification. *Id.* at 7-8. Accordingly, Defendants request the opportunity to conduct limited pre-certification discovery before the Court rules on Plaintiffs' motion for conditional certification, alternatively, Defendants request that the Court deny the motion. *Id.* at 3.

In response to Defendants' opposition, Plaintiffs state that they have provided adequate support for class certification in their pleadings and declarations. (Rec. Doc. 17 at 2.) Plaintiffs contend that in FLSA actions, classes are typically conditionally certified exclusively on the basis of the pleadings and attached

4

affidavits.  *Id.* at 4.  Plaintiffs also assert that an analysis as to whether the FLSA covers Custom Drywall and its employees is premature at this stage.  *Id.* at 4-5.

## LEGAL STANDARD

The FLSA "establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek."  *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424-25 (5th Cir. 2006) (citing 29 U.S.C. § 207).  The FLSA affords workers a right of action for violations of this rule.  29 U.S.C. § 216(b).  Such workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id*.  "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs."  *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007).  The notice must be "timely, accurate, and informative."  *Id.* (*citing Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 172 (1989)).  To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. 29 U.S.C. § 216(b).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated."  *Basco v.*

5

*Wal-Mart Stores, Inc.*, 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). The FLSA does not define the term "similarly situated." *See* 29 U.S.C. § 207; *see also Prejean v. O'Brien's Response Mgmt., Inc.*, 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013). However, the Fifth Circuit has recognized that courts have followed two methods of determining whether the putative class members are "similarly situated" and whether notice should be given: the two-stage class certification approach typified by *Lusardi v. Xerox Corp*, 122 F.R.D. 463 (D.N.J. 1988) and the "spurious" class action approach espoused by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). [2] The Fifth Circuit has expressly refused to endorse either method over the other. *See Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (*citing Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 & n.7 (5th Cir. 1995)). However, this Court traditionally follows the *Lusardi* two-step analysis to determine whether plaintiffs are similarly situated and will do so here. *See, e.g.*, *Banegas v. Calmar Corp.*, 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015) (applying the *Lusardi* standard to determine that employees were sufficiently similarly situated to justify proceeding as a collective action); *Lang v. DirecTV, Inc.*,

---

[2] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Fed. R. Civ. P. Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified.

10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the *Lusardi* approach is "the more common approach and routinely used by courts in this District").

The *Lusardi* approach is comprised of two stages. First, during the "notice stage," the Court determines whether to grant "conditional certification" and issue notice to potential members of the putative collective class. *See Chapman v. LHC Grp., Inc.*, 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015). In other words, the Court conducts an initial inquiry into "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Courts usually base this decision upon "the pleadings and any affidavits that have been submitted." *Mooney*, 54 F.3d. at 1214. At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Chapman*, 2015 WL 5089531, at *5. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at

7

1214 (footnote omitted).  Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798.  Generally, courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Mooney*, 54 F.3d at 1214 n.8 (citation omitted).   If the Court conditionally certifies the class, putative class members are given notice and the opportunity to opt in.  *Id.* at 1214.  The case then proceeds through discovery as a representative action.  *Id.*

The second stage of the *Lusardi* approach is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." *Acevedo*, 600 F.3d at 519.  At this stage, the Court applies a three-factor test, "considering (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns." *Chapman*, 2015 WL 5089531, at *6 (citing *Kuperman v. ICF Int'l*, 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008)).   Then, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Acevedo*, 600 F.3d at 518-19. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial." *Mooney*, 54 F.3d at 1214.  If the plaintiffs

are not similarly situated, the Court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representatives proceed to trial on their individual claims. *Id.*

## DISCUSSION

### A. Conditional Certification

In order to proceed collectively, "Plaintiffs must only be similarly – not identically – situated . . . ." *Prejean*, 2013 WL 5960674, at *5 (quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008) (quoting *Crain v. Helmerich & Payne Int'l Drilling Co.*, 92-0043, 1992 WL 91946, at *4-5 (E.D. La. Apr. 16, 1992)). "Thus, a court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id.* at 878 (quoting *Helmerich*, 1992 WL 91946, at *2). As previously noted, this determination is generally made based on the pleadings and sworn declarations that have been submitted. *Mooney*, 54 F.3d at 1214. In the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at this time that other

[individuals] seek to opt-in to this case." *Lopez v. Hal Collums Constr., LLC*, 15-4113, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting *Perkins v. Manson Gulf, L.L.C.*, No 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015)). "The notice stage requires the plaintiff to show, at least, that similarly situated individuals *exist*." *Lopez,* 2015 WL 7302243 at *6 (quoting *Banegas*, 2015 WL 4730734, at *5).

Here, Plaintiffs allege that while working for Defendants, they were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours per week, in violation of the FLSA. (Rec. Doc. 1 at 1.) In addition, Plaintiffs have submitted sworn declarations in support of their allegations. (Rec. Docs. 12-3, 12-2.)  Both Plaintiffs declare that they were hired by Custom Drywall in January and stopped working for them in October 2016; they worked as painters and performed manual labor related to painting; they were paid $13.00 per hour no matter how many hours they worked in a week; they often worked more than forty hours per week; and on average, they worked between sixty and seventy hours per week. *Id.*  Plaintiffs also declared that at each jobsite, they worked alongside approximately fifteen other manual laborers.  *Id.*  Plaintiffs stated that they and these co-workers all performed the same basic manual labor tasks, worked the same hours, took the same breaks, were supervised by the same Custom Drywall employees who kept track of their hours with sign-in

10

sheets, and were all paid by check. *Id.* Plaintiffs further declared that they and their co-workers worked an average of ten hours per day, at least six days per week. *Id.* Additionally, Plaintiffs stated that from their personal observations and conversations with their co-workers, Plaintiffs know that Defendants also paid the co-workers an hourly rate regardless of the number of hours worked in excess of forty hours per week. *Id.* Anthony Martinez allegedly had the authority to hire and fire Custom Drywall employees as well as the authority over the location, duration, and rate-of-pay for the work. (Rec. Doc. 1 at 4.) The Court finds that the complaint and Plaintiffs' declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 n.8.

According to Defendants, Plaintiffs have only provided conclusory allegations and declarations, which are insufficient to meet Plaintiffs' burden for conditional class certification. However, Defendants ignore the lenient standard applied at this initial stage. Because courts typically have little evidence at the notice stage, the determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Prejean*, 2013 WL 5960674, at *4. Courts in this district have conditionally certified classes based on what is presented here, that is, allegations supported by

11

Plaintiffs' sworn declarations. *See Leon*, 2016 WL 2825073, at *4 (conditionally certifying a class based only on the allegations in the complaint and the affidavit of a single plaintiff); *Hernandez v. Exterior Walls, Inc.*, 15-4392, 2016 WL 3414903, at *2 (E.D. La. June 22, 2016) (holding that plaintiff's pleadings and affidavits provided sufficient allegations that there were at least a few similarly situated individuals entitled to join the lawsuit); *Esparza v. Kostmayer Constr., LLC*, 15-4644, 2016 WL 3567060, at *4 (E.D. La. July 1, 2016) (determining that the plaintiff's allegations and sworn declaration were sufficient to provide a reasonable basis for finding that similarly situated individuals existed).

Defendants also argue that Plaintiffs have not identified or otherwise provided evidence that similarly situated individuals exist; therefore, Plaintiffs have not met their burden at this stage, and the Court should deny the motion for class certification. *Id.* at 7-8. Contrary to Defendants' argument, the Fifth Circuit does not require Plaintiffs to submit evidence that other individuals seek to opt-in to the case at the conditional certification stage. *See Lopez v. Hal Collums Constr., LLC*, 2015 WL 7302243, at *6 (rejecting argument that Plaintiffs are required to submit affidavits from potential opt-in members); *see also Banegas v. Calmar Corp.*, 15-593, 2015 WL 4730734, at *6 (E.D. La. Aug. 10, 2015) (finding that plaintiff had sufficiently

12

demonstrated with the complaint and affidavit that similarly situated, potential opt-in class members exist). Here, Plaintiffs' declarations provide that they worked alongside approximately fifteen other manual laborers on each jobsite. Plaintiffs declared that these coworkers had similar job duties as Plaintiffs, worked the same hours, and were compensated by Defendants pursuant to a similar policy. Finally, Plaintiffs declared that they have personal knowledge based on conservations and observations of how these coworkers were compensated. Thus, Plaintiffs have established a likelihood that a group of similar situated individuals exists.

Defendants also appear to argue that they are not subject to the FLSA by stating generally that they "are not an 'employer' as defined by the [FLSA]". (Rec. Doc. 14 at 1-2.) Defendants claim that Plaintiffs are not "covered employees since none are engaged in interstate commerce or in the production of goods for interstate commerce." *Id*. Moreover, Defendants state that Plaintiffs are not "employees," but rather, they are independent contractors of Defendants. *Id.* at 2. However, Defendants' arguments are unavailing because the resolution of issues regarding employment status and FLSA coverage is premature at this stage. Courts in this district have conditionally certified collective actions despite questions about FLSA coverage or the employment status of the plaintiffs and the putative class. *See, e.g.*, *Bridges v.*

13

*Absolute Lawn Care LA, LLC*, 16-448, 2016 WL 6440326, at *11 (E.D. La. Nov. 1, 2016) (conditionally certifying a class despite questions of FLSA coverage because "the issue of whether a defendant is a business enterprise engaged in commerce is not pertinent to conditional certification analysis."); *Leon v. Diversified Concrete LLC*, 15-6301, 2016 WL 2825073, at *4 (E.D. La. May 13, 2016) (stating "[t]he Court 'need not decide at this juncture the exact nature of the employment relationship here'"); *Prejean*, 2013 WL 5960674, at *7-8 (conditionally certifying a class despite allegations that the employees were actually independent contractors); *Lang v. DirecTV, Inc.*, 10-1085, 2011 WL 6934607, at *3 (E.D. La. Dec. 30, 2011) (conditionally certifying a class because "courts have found that the FLSA's definition of employer is so broad that the case may proceed even where there exist threshold questions regarding employment status"). "Although courts have later decertified actions because of employment questions, this does not alter the present burden at the conditional certification stage considered here." *Id*. (footnote omitted). Thus, an inquiry as to the employment status of Plaintiffs and the putative class and whether Defendants qualify as an FLSA employer will be better addressed at the decertification stage after discovery has occurred, when the Court will be able to examine all of the evidence more fully. *See Prejean*, 2013 WL 5960674, at *7-8.

14

In sum, the Court finds that the complaint and Plaintiffs' sworn declarations set forth "substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. The alleged policy of failing to pay employees for performing manual labor in an overtime rate for work performed in excess of forty hours in a week constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." *Xavier*, 585 F. Supp. 2d at 877-78. Accordingly, Plaintiffs have satisfied their lenient burden of showing that there is likely a class of "similarly situated" employees entitled to receive notice. As discovery proceeds, Defendants may move to decertify or modify the conditionally certified FLSA class as defined if appropriate.

**B.    Pre-Certification Discovery**

Defendants argue that they are entitled to conduct limited pre-certification discovery in order to properly oppose Plaintiffs' motion because Plaintiffs have submitted only two declarations and have failed to identify any putative members that are similarly situated. However, Defendants' attempt to heighten Plaintiffs burden at this stage is misguided. The Fifth Circuit does not require Plaintiffs to submit evidence at this time that other individuals seek to opt-in to the case. *Lopez*, 2015 WL 7302243, at *6 (E.D. La. Nov. 18, 2015) (quoting *Perkins*, 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015)). "[U]nder *Lusardi*,

15

conditional certification is generally determined only on the pleadings and affidavits, and more extensive discovery is contemplated after conditional class certification." *Id.* at *2 (citing *Mooney*, 54 F.3d at 1213-14). Moreover, as discussed *supra*, Plaintiffs' complaint and sworn declarations reasonably demonstrate the existence of similarly situated individuals by providing information about their coworkers who were treated similarly and their personal knowledge from conversations with those co-workers that they would be interested in joining this lawsuit. (Rec. Docs. 12-2, 12-3.)  Furthermore, Defendants have failed to demonstrate why discovery is necessary at this early stage, especially in light of the fact that this case has previously been delayed by Defendants for their failure to file responsive pleadings.[3]  Accordingly, while limited pre-certification discovery is not proscribed, such discovery is not necessary at this stage, given that Plaintiffs have provided "substantial allegations" "of a single decision, policy, or plan" affecting "similarly situated" individuals. *See Neito v. Pizzati Enterprises, Inc*, 16-5352, 2017 WL 1153375 at *7 (E.D. La. Mar. 27, 2017) (citing *Chapman*, 2014 WL 6318785, at *6).  Defendants

---

[3] On October 20, 2017, the Court issued an Entry of Default against Defendants for their failure to file responsive pleadings to Plaintiffs' July 20, 2017 complaint. (Rec. Doc. 6.)  On November 14, 2017, the Court granted Defendants' motion to set aside the default. (Rec. Doc. 9.) Defendants answered the complaint on December 14, 2017. (Rec. Doc. 11.)

will have ample opportunity to move for decertification at a later time if necessary when discovery has fully progressed.

### C. Proposed Notice

Section 216(b) of the FLSA imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffman-LaRoche*, 493 U.S. at 169). When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g.*, *Banegas*, 2015 WL 4730734, at *6; *Perkins*, 2015 WL 771531, at *5. Plaintiffs submitted a proposed notice form along with the instant motion. (Rec. Doc. 12-4 and 12-5.) To facilitate the sending of the notice and consent forms, Plaintiffs also move the Court for an order directing Defendants to provide names and last known addresses of potential class members. (Rec. Doc. 12 at 1-2.) Plaintiffs request that the Court order Defendants to produce this information within two weeks after the signing of the order. Finally, Plaintiffs request an opt-in period of 90 days to allow sufficient time for Defendants' past and present employees, many of whom are non-English speaking, to opt-in to the suit.

Defendants have not indicated that they have any objections to the proposed notice, nor have they requested additional time to confer with Plaintiffs and submit to the Court a joint notice.

17

Accordingly, the Court finds that this proposed notice is acceptable, as provided in this Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs* **(Rec. Doc. 12)** is **GRANTED** as set forth above, and that the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that Notice shall be sent to the following: "All individuals who worked or are working performing manual labor for Custom Drywall & Painting, LLC during the previous three years who worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty hours in a workweek."

**IT IS FURTHER ORDERED** that Defendants shall have fourteen (14) days from the entry of this Order to produce the full names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

**IT IS FURTHER ORDERED** that the time period in which potential opt-in plaintiffs may opt-in is ninety (90) days.  The ninety (90) day opt-in period will begin to run on the date that Defendants

provide a complete list of the names, dates of employment, and last known addresses of all potential opt-in plaintiffs.

New Orleans, Louisiana, this 9th day of April, 2018.

                                                       _____
                                                       CARL J. BARBIER
                                                       UNITED STATES DISTRICT JUDGE